IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENNIS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-0870-K |
| | § | |
| GILDAN ACTIVEWEAR SRL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On July 9, 2019, the Court issued its Memorandum Opinion and Order in this case, in which the Court confirmed the arbitration award. In its Memorandum Opinion and Order, the Court deferred ruling on whether it should award Gildan Activewear SRL ("Gildan") its attorneys' fees and costs and ordered Gildan to file supplemental briefing on the issue. Gildan timely filed its supplemental briefing on July 23, 2019. Pursuant to the Court's order, Ennis, Inc. ("Ennis") had until July 30, 2019 to file a response to Gildan's supplemental briefing. Ennis filed no response. Because the Court finds that the Unit Purchase Agreement (the "Agreement") serves as a basis for an award of attorneys' fees and costs incurred by Gildan in this action, and, alternatively, because the Court finds that Ennis's challenge to the arbitration award was without justification, the Court **GRANTS** Gildan's request for its attorneys' fees and costs.

Under the "American Rule" concerning attorneys' fees and litigation costs, "absent statute or enforceable contract, litigants must pay their own attorneys' fees."

*Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 405 (5th Cir. 2003) (quoting *Galveston Cty. Navigation Dist. No. 1 v. Hopson Towing Co., Inc.*, 92 F.3d 353, 356 (5th Cir. 1996)). The Federal Arbitration Act ("FAA") is not a statutory basis for a prevailing party in an action to confirm or vacate an arbitration award to receive attorneys' fees and costs. *Interstate Distrib. Co. v. Ellis*, Civ. Action No. H-15-1781, 2016 WL 3269709, at *2 (S.D. Tex. June 15, 2016). Gildan must therefore rely upon a contractual provision or another, alternative basis under the law in arguing that it is entitled to attorneys' fees.

In its supplemental briefing, Gildan directs this Court to the Agreement as the basis for why Gildan is entitled to an award of attorneys' fees and costs. Under the Agreement, Ennis agreed to pay and reimburse Gildan for any Loss related to a breach of the Agreement by Ennis. Agreement § 8.02(b). The arbitration award in this case clearly establishes that Ennis breached the Agreement by not indemnifying Gildan for the Change of Control Severance Payment. A Loss includes the reasonable attorneys' fees and costs incurred in enforcing any right to indemnification under the Agreement. In light of this language in the Agreement, and without a response from Ennis pointing the Court to contrary authority, the Court finds that an award of attorneys' fees and litigation costs to Gildan is appropriate.

Furthermore, although "[t]he FAA does not provide for attorney's fees to a party who is successful in confirming an arbitration award in federal court," the party seeking confirmation "may nevertheless be entitled to attorney's fees . . . if the opponent's

reasons for challenging the award are 'without merit' or 'without justification.'" *Interstate Distrib.*, 2016 WL 3269709, at *2. "'Without justification' refers not to the strength of the challenge but to the type." *Delek Ref., Ltd. v. Local 202, United Steel*, 891 F.3d 566, 573 (5th Cir. 2018). "On one side of the divide are challenges to an arbitrator's jurisdiction or authority, which do not result in a fee award even if they come up short." *Id.* "On the other are those that go to the 'intrinsic merits' of a dispute, which justify fees even if not frivolous." *Id.*; *see also Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Tex. Steel Co.*, 639 F.2d 279, 283–84 (5th Cir. Unit A Mar. 1981) (holding "that the district court abused its discretion in refusing to award attorneys' fees" when, "look[ing] to the realities of the situation," the party challenging the arbitration award objected "on a matter involving the 'intrinsic merits' of the dispute").

As explained throughout this Court's July 9, 2019 Memorandum Opinion and Order, Ennis's asserted bases for vacatur go to the "intrinsic merits" of the arbitrator's resolution of the contractual dispute. Ennis argued that the arbitrator exceeded his authority by manifestly disregarding the law in interpreting the contracts at issue in this case. Such an argument is a quintessential challenge to the merits. *See Delek Ref., Ltd.*, 891 F.3d at 574 ("Delek's challenge goes to the merits as the central issue it raises is whether the arbitrator correctly interpreted and applied the exceptions in [a provision of the collective bargaining agreement].").

While a decision to award attorneys' fees to the party that successfully defends a challenge to an arbitration award is typically a matter of discretion for the district

3

court, the Fifth Circuit has explained "that fees should be awarded when the challenge to the labor arbitration is 'without justification.'" *Id.* at 573; *see also Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1331 (5th Cir. 1994) (reciting the "without merit" or "without justification" rule in a case with a challenge to an arbitration award that involved breach-of-contract claims outside of the labor context). The Court therefore finds that an award of attorneys' fees and costs to Gildan is appropriate on the alternative basis that Ennis's challenge to the arbitration award was without justification.

Because the Agreement provides the basis for an award of Gildan's attorneys' fees and litigation costs, and, alternatively, because Ennis's challenge to the arbitration award was without justification, the Court **GRANTS** Gildan's request for its attorneys' fees and costs *incurred in this case*. (As Gildan recognizes in its supplemental briefing, Gildan is not seeking, and the Court is not awarding in this Order, attorneys' fees and costs related to the arbitration proceeding.) The Court **REFERS** the issue of Gildan's reasonable attorneys' fees and costs to be awarded in this case to Magistrate Judge Rebecca Rutherford for a hearing, if necessary, and determination.

**SO ORDERED.**

August 6th, 2019.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

4